UNITED STATES DISTRICT OF NEW YORK
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FEDERICO PINALES,

                  Plaintiff,

   -against-

COMPASS GROUP USA, INC.,

                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ECF CASE

11-CV-2687 (DLI) (JMA)

## DEFENDANT COMPASS GROUP USA, INC.'S
## ANSWER AND DEFENSES TO THE AFFIRMATION OF VERIFIED PETITION

Defendant Compass Group USA, Inc. ("Compass"), by and through its attorneys, Seyfarth Shaw LLP, answers plaintiff Federico Pinales' ("Pinales'") Complaint[1] as follows:

    1.      Based upon information supplied by Pinales, Compass admits the allegations in paragraph 1 of the Affirmation in Support of Verified Petition.

    2.      Compass denies the allegations in paragraph 2 of the Affirmation in Support of Verified Petition, except admits that it is authorized to conduct business in the State of New York.

    3.      Compass denies the allegations in paragraph 3 of the Affirmation in Support of Verified Petition, except admits that Pinales purports to have commenced this action pursuant to N.Y. Exec. Law, art. 15 (Human Rights Law) and the Age Discrimination in Employment Act (29 USC § 621 *et seq.*) and on the basis of alleged age and disability discrimination.

---

[1] On or about April 29, 2011, Pinales filed a Notice of Verified Petition and accompanying documents with the Supreme Court of the State of New York, County of Queens.  On or about June 3, 2011, Compass removed the state action to this Court.  For the purposes of this responsive pleading, Compass herein refers to all of the documents filed by Pinales in state court as the "Complaint" and notes each document separately where appropriate.

13454424v.5

4. Because the allegations in paragraph 4 of the Affirmation in Support of Verified Petition state a legal conclusion, no response is required. To the extent a response is required, Compass denies the allegations in paragraph 4, except admits that Pinales purports to appeal the New York State Division of Human Rights' ("NYSDHR") February 28, 2011 Determination and Order After Investigation relating to Case No. 10135109.

5. Compass denies the allegations in paragraph 5 of the Affirmation in Support of Verified Petition, except admits that, in or around December 2007, Compass was hired by St. John's University and that, in or around December 2007, Compass hired Pinales. Compass denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Affirmation in Support of Verified Petition regarding Pinales' previous employment.

6. Compass denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Affirmation in Support of Verified Petition and, therefore, leaves Pinales to his proof.

7. Compass denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Affirmation in Support of Verified Petition and, therefore, leaves Pinales to his proof.

8. Compass denies the allegations in Paragraph 8 of the Affirmation in Support of Verified Petition, except admits that Pinales worked as an hourly supervisor for Compass.

9. Compass denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Affirmation in Support of Verified Petition and, therefore, leaves Pinales to his proof.

10. Compass denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Affirmation in Support of Verified Petition and, therefore, leaves Pinales to his proof.

11. Compass denies the allegations in paragraph 11 of the Affirmation in Support of Verified Petition, except admits that, in or around December 2007, Pinales' hourly rate was $15.11.

12. Compass denies the allegations in paragraph 12 of the Affirmation in Support of Verified Petition, except admits that, in or around July 2008, Pinales' hourly rate was $15.11 and that Pinales, like other employees, did not generally work for Compass during student breaks, including a portion of January 2009.

13. Compass denies the allegations in paragraph 13 of the Affirmation in Support of Verified Petition, except admits that there were errors in Pinales' compensation that were later corrected in their entirety.

14. Compass denies the allegations in paragraph 14 of the Affirmation in Support of Verified Petition, except admits that, in or around February 2008, Pinales worked a shift that ended at 2:30 p.m. and that, at times, his hours varied between 40 and 50 hours per week.

15. Compass denies the allegations in the first sentence of paragraph 15 of the Affirmation in Support of Verified Petition, except admits Pinales did not generally work for Compass during the student breaks at St. John's University.  Compass denies knowledge and information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 15 of the Affirmation in Support of Verified Petition, except admits that, at times, Pinales may have been asked to return to work before the end of the student breaks.

16. Compass denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 16 of the Affirmation in Support of Verified Petition and, therefore, leaves Pinales to his proof. Compass denies the remaining allegations in paragraph 16 of the Affirmation in Support of Verified Petition, except admits that Pinales was not offered employment at Marillac Cafeteria for the summer of 2008 and that he worked on an Empire State/SUNY Maritime University ship during the summer of 2008.

17. Compass denies the allegations in paragraph 17 of the Affirmation in Support of Verified Petition, except admits that Pinales returned to work at Marillac Cafeteria after the summer of 2008.

18. Compass denies the allegations in paragraph 18 of the Affirmation in Support of Verified Petition, except admits that Pinales spoke to a manager regarding his supervisor's conversations with him.

19. Compass denies the allegations in paragraph 19 of the Affirmation in Support of Verified Petition, except admits that Tony Green ("Green") directed Pinales to discard a container of expired sauce, that Pinales placed the container in a sink instead of discarding it, and that, the following day, Green asked Pinales why he did not discard the container.

20. Compass denies the allegations in paragraph 20 of the Affirmation in Support of Verified Petition, except admits that Pinales, like most other employees, did not generally work during student breaks at St. John's University, which included winter recess.

21. Compass denies the allegations in paragraph 21 of the Affirmation in Support of Verified Petition, except admits that, in or around January 2009, Pinales was transferred from the Marillac Cafeteria to the Montgoris Cafeteria.

22. Compass denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Affirmation in Support of Verified Petition and, therefore, leaves Pinales to his proof.

23. Compass denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Affirmation in Support of Verified Petition and, therefore, leaves Pinales to his proof.

24. Compass denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Affirmation in Support of Verified Petition and, therefore, leaves Pinales to his proof.

25. Compass denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Affirmation in Support of Verified Petition and, therefore, leaves Pinales to his proof.

26. Compass denies the allegations in paragraph 26 of the Affirmation in Support of Verified Petition.

27. Compass denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Affirmation in Support of Verified Petition and, therefore, leaves Pinales to his proof.

28. Compass denies the allegations in paragraph 28 of the Affirmation in Support of Verified Petition, except admits that Martina Moundros temporarily took over Pinales' job duties at Montgoris Cafeteria and then was transferred back to the Marillac Cafeteria.

29. Compass denies the allegations in first, second and third sentences of paragraph 29 of the Affirmation in Support of Verified Petition, except admits that, in or around March and April 2009, Peter Harkness ("Harkness") spoke to Pinales regarding his COBRA benefits and

that Harkness took action to ensure that Pinales received the appropriate COBRA documentation. Compass denies knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth and fifth sentences of paragraph 29 of the Affirmation in Support of Verified Petition and, therefore, leaves Pinales to his proof.

30. Compass denies the allegations in paragraph 30 of the Affirmation in Support of Verified Petition, except admits that Pinales may have been eligible for rehire.

31. Compass denies the allegations in paragraph 31 of the Affirmation in Support of Verified Petition.

32. Compass denies the allegations in paragraph 32 of the Affirmation in Support of Verified Petition, except admits that Pinales filed a formal charge of discrimination with the NYSDHR alleging age and disability discrimination and that the matter was assigned case no. 10135109.

33. Compass denies the allegations in paragraph 33 of the Affirmation in Support of Verified Petition, except admits that, on or about February 28, 2011, the NYSDHR issued a Determination and Order After Investigation dismissing Pinales' complaint of discrimination.

34. Compass denies that Pinales is entitled to any of the relief requested in paragraph 34 of the Affirmation in Support of Verified Petition or to any other relief. Compass further denies that it engaged in any unlawful or wrongful conduct with respect to Pinales.

## FIRST CAUSE OF ACTION

35. With respect to paragraph 35 of the Affirmation in Support of Verified Petition, Compass hereby incorporates its answers to paragraphs 1 through 34 of the Affirmation in Support of Verified Petition as if fully set forth herein.

36. Compass denies the allegations in paragraph 36 of the Affirmation in Support of Verified Petition.

37. Compass denies the allegations in paragraph 37 of the Affirmation in Support of Verified Petition.

38. Compass denies the allegations in paragraph 38 of the Affirmation in Support of Verified Petition, except admits that, Pinales, like most other employees, generally did not work during student breaks at St. John's University.

39. Compass denies the allegations in paragraph 39 of the Affirmation in Support of Verified Petition.

40. Compass denies the allegations in paragraph 40 of the Affirmation in Support of Verified Petition.

41. Compass denies the allegations in paragraph 41 of the Affirmation in Support of Verified Petition.

42. Compass denies the allegations in paragraph 42 of the Affirmation in Support of Verified Petition.

SECOND CAUSE OF ACTION

43. With respect to paragraph 43 of the Affirmation in Support of Verified Petition, Compass hereby incorporates its answers to paragraphs 1 through 42 of the Affirmation in Support of Verified Petition as if fully set forth herein.

44. Compass denies the allegations in paragraph 44 of the Affirmation in Support of Verified Petition.

13454424v.5

45. Compass denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Affirmation in Support of Verified Petition and, therefore, leaves Pinales to his proof.

46. Compass denies the allegations in the first sentence of paragraph 46 of the Affirmation in Support of Verified Petition.  Compass denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 46 of the Affirmation in Support of Verified Petition and, therefore, leaves Pinales to his proof.

47. Compass denies the allegations in paragraph 47 of the Affirmation in Support of Verified Petition.

48. Compass denies the allegations in paragraph 48 of the Affirmation in Support of Verified Petition.

49. Compass denies the allegations in paragraph 49 of the Affirmation in Support of Verified Petition.

50. Compass denies the allegations in paragraph 50 of the Affirmation in Support of Verified Petition.

51. Compass denies the allegations in paragraph 51 of the Affirmation in Support of Verified Petition.

## EXHIBITS

52. Compass denies the allegations in Paragraph 52 of the Affirmation in Support of the Verified Petition, except admits that Pinales purports to attach certain documents as exhibits to his Affirmation in Support of the Verified Petition.

53. Compass denies the allegations in Paragraph 53 of the Affirmation in Support of the Verified Petition, except admits that Pinales purports to attach his affidavit as Exhibit A.

a. Based upon information supplied by Pinales, Compass admits the allegations in paragraph 1 of the Affidavit in Support of Verified Petition.

b. Compass denies the allegations in paragraph 2 of the Affidavit in Support of Verified Petition, except admits that, in or around December 2007, Compass was hired by St. John's University and that, in or around December 2007, Compass hired Pinales. Compass denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Affidavit in Support of Verified Petition regarding Pinales' previous employment.

c. Compass denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Affidavit in Support of Verified Petition and, therefore, leaves Pinales to his proof.

d. Compass denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Affidavit in Support of Verified Petition and, therefore, leaves Pinales to his proof.

e. Compass denies the allegations in Paragraph 5 of the Affidavit in Support of Verified Petition, except admits that Pinales worked as an hourly supervisor for Compass.

f. Compass denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Affidavit in Support of Verified Petition and, therefore, leaves Pinales to his proof.

g. Compass denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Affidavit in Support of Verified Petition and, therefore, leaves Pinales to his proof.

h. Compass denies the allegations in paragraph 8 of the Affidavit in Support of Verified Petition, except admits that, in or around December 2007, Pinales' hourly rate was $15.11.

i. Compass denies the allegations in paragraph 9 of the Affidavit in Support of Verified Petition, except admits that, in or around July 2008, Pinales' hourly rate was $15.11 and that Pinales, like other employees, did not generally work for Compass during student breaks, including a portion of January 2009.

j. Compass denies the allegations in the first two sentences of paragraph 10 of the Affidavit in Support of Verified Petition, except admits that there were errors in Pinales' compensation that were later corrected in their entirety.  Compass denies the allegations in the last two sentences of paragraph 10 of the Affidavit in Support of Verified Petition, except admits that, in or around February 2008, Pinales worked a shift that ended at 2:30 p.m. and that, at times, his hours varied between 40 and 50 hours per week.

k. Compass denies the allegations in the first sentence of paragraph 11 of the Affidavit in Support of Verified Petition, except admits Pinales did not generally work for Compass during the student breaks at St. John's University.  Compass denies knowledge and information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 11 of the Affidavit in Support of Verified Petition, except admits that, at times, Pinales may have been asked to return to work before the end of the student breaks.

l. Compass denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 12 of the Affidavit in

13454424v.5

   Support of Verified Petition and, therefore, leaves Pinales to his proof. Compass denies the remaining allegations in paragraph 12 of the Affidavit in Support of Verified Petition, except admits that Pinales was not offered employment at Marillac Cafeteria for the summer of 2008 and that he worked on an Empire State/SUNY Maritime University ship during the summer of 2008.

m. Compass denies the allegations in paragraph 13 of the Affidavit in Support of Verified Petition, except admits that Pinales returned to work at Marillac Cafeteria after the summer of 2008.

n. Compass denies the allegations in paragraph 14 of the Affidavit in Support of Verified Petition, except admits that Pinales spoke to a manager regarding his supervisor's conversations with him.

o. Compass denies the allegations in paragraph 15 of the Affidavit in Support of Verified Petition, except admits that Tony Green ("Green") directed Pinales to discard a container of expired sauce, that Pinales placed the container in a sink instead of discarding it, and that, the following day, Green asked Pinales why he did not discard the container.

p. Compass denies the allegations in paragraph 16 of the Affidavit in Support of Verified Petition, except admits that Pinales, like most other employees, did not generally work during student breaks at St. John's University, which included winter recess.

q. Compass denies the allegations in paragraph 17 of the Affidavit in Support of Verified Petition, except admits that, in or around January 2009, Pinales was transferred from the Marillac Cafeteria to the Montgoris Cafeteria.

11

    r.   Compass denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Affidavit in Support of Verified Petition and, therefore, leaves Pinales to his proof.

    s.   Compass denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Affidavit in Support of Verified Petition and, therefore, leaves Pinales to his proof.

    t.   Compass denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Affidavit in Support of Verified Petition and, therefore, leaves Pinales to his proof.

    u.   Compass denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Affidavit in Support of Verified Petition and, therefore, leaves Pinales to his proof.

    v.   Compass denies the allegations in paragraph 22 of the Affidavit in Support of Verified Petition.

    w.   Compass denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Affidavit in Support of Verified Petition and, therefore, leaves Pinales to his proof.

    x.   Compass denies the allegations in paragraph 24 of the Affidavit in Support of Verified Petition, except admits that Martina Moundros temporarily took over Pinales' job duties at Montgoris Cafeteria and then was transferred back to the Marillac Cafeteria.

    y.   Compass denies the allegations in first, second and third sentences of paragraph 25 of the Affidavit in Support of Verified Petition, except admits that, in or

12

around March and April 2009, Peter Harkness ("Harkness") spoke to Pinales regarding his COBRA benefits and that Harkness took action to ensure that Pinales received the appropriate COBRA documentation. Compass denies knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth and fifth sentences of paragraph 25 of the Affidavit in Support of Verified Petition and, therefore, leaves Pinales to his proof.

z. Compass denies the allegations in paragraph 26 of the Affidavit in Support of Verified Petition, except admits that Pinales may have been eligible for rehire.

aa. Compass denies the allegations in paragraph 27 of the Affidavit in Support of Verified Petition.

bb. Compass denies the allegations in paragraph 28 of the Affidavit in Support of Verified Petition, except admits that Pinales filed a formal charge of discrimination with the NYSDHR alleging age and disability discrimination and that the matter was assigned case no. 10135109.

cc. Compass denies the allegations in paragraph 29 of the Affidavit in Support of Verified Petition, except admits that, on or about February 28, 2011, the NYSDHR issued a Determination and Order After Investigation dismissing Pinales' complaint of discrimination.

dd. Compass denies the allegations in paragraph 30 of the Affirmation in Support of Verified Petition, except admits that Pinales purports to appeal the NYSDHR's Order.

ee. Compass denies that Pinales is entitled to any of the relief requested in paragraph 31 of the Affidavit in Support of Verified Petition or to any other relief. Compass

further denies that it engaged in any unlawful or wrongful conduct with respect to Pinales.

54. Compass denies the allegations in Paragraph 54 of the Affirmation in Support of the Verified Petition, except admits that Pinales purports to attach a letter from Dr. Isaac Cohen regarding Pinales' medical condition as Exhibit B.

55. Compass denies the allegations in Paragraph 55 of the Affirmation in Support of the Verified Petition, except admits that Pinales purports to attach a copy of the NYSDHR's Determination and Order After Investigation as Exhibit C.

PRIOR APPLICATION

56. Compass denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Affirmation in Support of Verified Petition and leaves Pinales to his proof, except admits that, on or about June 10, 2009, Pinales filed a verified Affirmation in Support of Verified Petition with the NYSDHR.

57. Compass denies the allegations in Paragraph 57 of the Affirmation in Support of the Verified Petition, except admits that, on or about February 28, 2011, the NYSDHR made a Determination and Order After Investigation.

58. Compass denies the allegations in paragraph 58 of the Affirmation in Support of Verified Petition, except admits that Pinales purports to appeal the NYSDHR's Order.

**PRAYER FOR RELIEF**

Compass denies that Pinales is entitled to any relief requested in the WHEREFORE clause on page 12 of the Affirmation in Support of Verified Petition or to any other relief.

**GENERAL DENIAL**

Compass denies each and every allegation in the Affirmation in Support of Verified Petition not specifically admitted herein.

14

13454424v.5

## AFFIRMATIVE AND OTHER DEFENSES

At this time, Compass asserts the following Affirmative and Other Defenses to the Affirmation in Support of Verified Petition.

### FIRST DEFENSE

The Affirmation in Support of Verified Petition fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

To the extent Pinales' claims are based on alleged conduct that occurred more than 300 days before he filed his administrative Charge, such claims are time-barred.

### THIRD DEFENSE

Subject to proof through discovery, Pinales' claims are barred in whole or in part by the doctrines of waiver and/or estoppel.

### FOURTH DEFENSE

In the event that Pinales can demonstrate that his age and/or alleged disability was a motivating factor in any employment decision that he challenges, he is not entitled to money damages, reinstatement or other relief because Compass would have taken the same action in the absence of any such impermissible factor.

### FIFTH DEFENSE

To the extent applicable, Compass is not liable to Pinales for any alleged discrimination because it exercised reasonable care to prevent such behavior and he unreasonably failed to take advantage of the preventive and corrective opportunities provided by Compass and otherwise failed to avoid harm.

### SIXTH DEFENSE

Compass acted in good faith and without malice, willfulness or evil intent.

## SEVENTH DEFENSE

Subject to proof through discovery, Pinales has failed in whole in part to mitigate his purported damages.

## EIGHTH DEFENSE

The Court lacks jurisdiction over any claims under New York Human Rights Law and the ADEA not included in Pinales' New York State Division of Human Rights Charge.

## NINTH DEFENSE

Subject to proof through discovery, some or all of Pinales' claims are barred, in whole or in part, by his failure to exhaust administrative prerequisites to suit.

## TENTH DEFENSE

Compass' employment decisions with respect to Pinales were based on reasonable factors other than his age and alleged disability.

## ELEVENTH DEFENSE

Pinales' claims are barred, in whole or in part, by the applicable statutes of limitations.

## TWELFTH DEFENSE

Pinales' claims are barred, in whole or in part, by the doctrine of unclean hands.

**WHEREFORE**, Compass requests that the Court enter judgment dismissing the Affirmation in Support of Verified Petition in its entirety and with prejudice; granting to Compass its costs and attorneys' fees; and granting to Compass such other relief as the Court may deem just and proper.

Dated: New York, New York
       June 17, 2011

                               SEYFARTH SHAW LLP

                               By: s/ Christie Del Rey-Cone
                                   Christie Del Rey-Cone
                                   Mary E. Ahrens
                               620 Eighth Avenue, 32nd Floor
                               New York, New York 10018-1405
                               (212) 218-5500
                               (212) 218-5526 (fax)
                               cdelreycone@seyfarth.com
                               mahrens@seyfarth.com

                               Attorneys for Defendant
                               Compass Group USA, Inc.

13454424v.5

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2011, I caused to be served a true and correct copy of the foregoing Defendant Compass Group USA, Inc.'s Answer and Affirmative Defenses to the Affirmation in Support of Verified Petition via ECF and U.S. mail, postage pre-paid, on the following counsel for Plaintiff:

>Anthony Denaro, Esq.
>Law Firm of Anthony D. Denaro, P.C.
>Attorney for Petitioner
>62 Nichols Court, Suite 200
>Hempstead, NY 11550

>s/Christie Del Rey-Cone
>Christie Del Rey-Cone

13454424v.5